UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID ROBERT OPPERMAN,

          CASE NO. 14-cv-13145
    Plaintiff,          HONORABLE GEORGE CARAM STEEH

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

OPINION AND ORDER ACCEPTING MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION (DOC. #14)
OVERRULING PLAINTIFF'S OBJECTIONS (DOC. #15), DENYING
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (DOC. #10),
GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT (DOC. # 13) AND DISMISSING CASE

Plaintiff appeals from the final decision of the Commissioner of Social Security denying his application for disability insurance benefits ("DIB"). This matter is before the court on the parties' cross-motions for summary judgment. The motions were referred to Magistrate Judge Anthony Patti for a report and recommendation ("R&R"). The magistrate judge recommends that the court deny plaintiff's motion for summary judgment and grant defendant's motion for summary judgment. (Doc. #14). Plaintiff has filed objections to the magistrate judge's R&R. (Doc. #15). For the reasons that follow, the magistrate judge's R&R will be accepted, plaintiff's objections will be overruled and his motion for summary judgment will be denied, defendant's motion for summary judgment will be granted, and this case will be dismissed.

I. BACKGROUND

Plaintiff does not object to the magistrate judge's recitation of the facts and procedural history in the R&R. The court adopts that portion of the R&R as if fully set forth herein. A brief summary of the relevant facts follow.

Plaintiff filed an application for DIB on June 20, 2011 alleging that he became unable to work because of his disabling condition on December 5, 2005. Plaintiff contends that he is disabled because of a combination of conditions. Since 2006, plaintiff has undergone three knee replacement surgeries. According to plaintiff, as a result of the surgeries, he has developed back pain, and his knee joint feels "loose" and "shaky." He also suffers from depression and anxiety that leads to problems with concentration. Plaintiff takes Vicodin, Valium and Zoloft to control his pain and other symptoms.

After plaintiff's application for DIB was denied, he sought a *de novo* hearing before an administrative law judge ("ALJ"). At the hearing, plaintiff testified in support of his claim for DIB. A vocational expert ("VE") also testified. The ALJ posed a hypothetical question to the VE: imagine a person similar to plaintiff limited to unskilled work, no lifting greater than 20 pounds occasionally and 10 pounds frequently, with a sit-stand option; are there any jobs available for such person in the national economy? The VE testified that there were jobs available in significant amounts for the hypothetical person to perform.

In addition to the testimony at the hearing, the ALJ reviewed plaintiff's medical records and a statement from his wife before reaching a decision. The ALJ ultimately concluded that plaintiff is not disabled, and, therefore, the plaintiff is not entitled to DIB. In so doing, the ALJ found plaintiff's and his wife's statements about the severity of his alleged disabilities unsupported by the objective medical evidence. Specifically, the ALJ applied

the five-step sequential analysis used in determining whether a person is entitled to DIB.[1] The ALJ concluded that plaintiff did not engage in substantial gainful activity from December 5, 2005, the alleged disability onset date, through March 31, 2011, the date plaintiff was last insured, and that plaintiff is severely impaired from degenerative joint disease of the right knee and disorders of the back. However, the ALJ opined that plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Moreover, the ALJ found that plaintiff had the residual functional capacity ("RCF") to perform light work, and that considering plaintiff's age, education, work experience and RFC, there were jobs available for him to perform in the national economy. Accordingly, plaintiff's request for DIB was denied.

The Appeals Council denied plaintiff's request for review of the ALJ's decision leading the plaintiff to file this federal action for review of the ALJ's decision. The magistrate judge's R&R recommends affirming the ALJ's decision denying benefits on the basis that the ALJ's decision is supported by substantial evidence. Plaintiff has filed objections to the magistrate judge's R&R. The court addresses the objections below.

## II. LEGAL STANDARDS

### A. Objections to Magistrate Judge's R&R

A party may file timely written objections to a magistrate judge's proposed findings and recommendations. 28 U.S.C. § 636(b)(1). "A judge of the court shall make a *de novo* determination of those portions of a report or specified proposed findings or recommendations to which objection is made." *Id.* "A judge of the court may accept, reject,

---

[1] This five-step sequential analysis is explained in the magistrate judge's R&R. *See* (Doc. #14 at 6 n. 2).

or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.*

### B. Judicial Review Of ALJ's Decision

Judicial review of a Social Security disability benefits application is limited to determining whether "the commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). A reviewing court may not resolve conflicts in the evidence or decide questions of credibility. *Brainard v. Sec'y of HHS*, 889 F.2d 679, 681 (6th Cir. 1989). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). It is "more than a scintilla but less than a preponderance." *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 399 (1938). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." *Casey v. Sec'y of HHS*, 987 F.2d 1230, 1233 (6th Cir. 1993); *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 604 (6th Cir. 2009). The substantial evidence standard is deferential and "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference with the courts." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).

When determining whether the commissioner's decision is supported by substantial evidence, the reviewing court must take into consideration the entire record as a whole. *Futernick v. Richardson*, 484 F.2d 647, 649 (6th Cir. 1973). If the Appeals Council declines to review the ALJ's decision, the court's review is limited to the record and evidence before

the ALJ, *Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993), regardless if the ALJ actually cited to the evidence. *Walker v. Sec'y of HHS*, 884 F.2d 241, 245 (6th Cir. 1989). Nonetheless, there is no requirement that the reviewing court discuss all of the evidence in the record. *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006).

## III. ANALYSIS

### A. The ALJ's RFC Finding

Plaintiff first objects to the R&R's conclusion that substantial evidence supports the ALJ's RFC finding that plaintiff could perform light work. Plaintiff argues that his limitations required a RFC finding that he could only perform sedentary work. His objection lacks merit.

> Sedentary work and light work are both defined in the Code of Federal Regulations:
>
> (a) Sedentary work. Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking or standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.
>
> (b) Light work. Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(a)-(b).

The ALJ found that plaintiff was limited to "occasional lifting and carrying of 20 pounds and frequently lifting and carrying of 10 pounds, with a sit or stand option at any

point throughout the work day, and limited to an unskilled job." (Doc. #14 at 14). The ALJ's decision was based in part on the opinion of Dr. Natalie Gray, a state agency consultant who examined the plaintiff and reviewed his medical records. As the R&R explains, Dr. Gray "assessed Plaintiff's physical RFC, noting that his exertional limitations included occasionally lifting and/or carrying 20 pounds, frequently lifting and/or carrying 10 pounds, standing and/or walking for a total of 4 hours, sitting for a total of approximately 6 hours in an 8-hour workday and that a cane was not medically necessary but may be used as needed for pain." (*Id.*). Despite the ALJ stating that Dr. Gray limited plaintiff to light work, the magistrate judge could not locate such a conclusion in the physical RFC assessment. (*Id.* at 15). However, the magistrate judge concluded that the ALJ's determination that plaintiff is limited to light work is consistent with both Dr. Gray's opinion and 20 C.F.R. § 404.1567(b). (*Id.*).

Plaintiff argues that Dr. Gray's opinion clearly reflects that plaintiff is limited to sedentary work. Dr. Gray's assessment form states that, "[b]ased on the seven strength factors of the physical RFC (lifting/carrying, standing, walking, sitting, pushing, and pulling), the individual demonstrates the maximum sustained work capability for the following: SEDENTARY." (Doc. #7-8 at 97). Plaintiff is correct that Dr. Gray's assessment states that plaintiff is limited to sedentary work. However, Dr. Gray's assessment is not consistent with her other more specific findings. Dr. Gray's specific findings related to lifting and plaintiff's other exertional limitations, by definition under 20 C.F.R. § 404.1567(b), establish that plaintiff is limited to light work, not sedentary work. As explained above, all of Dr. Gray's findings related to lifting, pushing/pulling, sitting/standing, etc., are supported by substantial evidence and fall within the definition of light work under 20 C.F.R. § 404.1567(b). Thus,

to the extent that Dr. Gray concluded that plaintiff is limited to sedentary work, the ALJ nonetheless correctly concluded that plaintiff is limited to light work. The magistrate judge did not err in his conclusion.

Plaintiff also challenges Dr. Gray's findings as failing to incorporate the opinion of Dr. Cherwin, plaintiff's knee surgeon. This, in turn, rendered the hypothetical question posed by the ALJ to the VE incomplete and inaccurate, according to plaintiff. On November 15, 2006, Dr. Cherwin opinion that plaintiff could not walk on slopes or uneven ground, use a ladder or shovel, could not kneel or move from side to side, and could not climb more than four stairs. (Doc. #7-7 at 35). Plaintiff claims that, if Dr. Gray considered Dr. Cherwin's opinion, Dr. Gray would have referenced it in her assessment. Plaintiff fails to show how Dr. Gray's assessment is inconsistent with Dr. Cherwin's opinion. Dr. Gray opined that plaintiff was "limited in the lower extremities," could never climb ladders/ropes/scaffolds, and only occasionally could climb ramps/stairs, balance, stoop, kneel, crouch, or crawl. (Doc. #7-8 at 95–96). These findings are not inconsistent with Dr. Cherwin's opinion. The R&R, therefore, correctly concluded that plaintiff "has not shown that the limitations imposed by Dr. Cherwin on November 15, 2006 . . . were more restrictive than the ALJ's RFC finding that Plaintiff could perform light work with a 'sit or stand option at any point throughout the workday' limitation[.]" (Doc. #14 at 18). The hypothetical question posed to the VE was consistent with plaintiff's limitations to light work.

## B. Plaintiff's Wife's Credibility

Next, plaintiff objects to the R&R's finding that the ALJ was correct in placing little weight on plaintiff's wife's statement about the severity of plaintiff's limitations. As the R&R

explains, plaintiff's wife stated that plaintiff uses a cane and brace/splint to walk and that he could only lift 25-50 pounds. (Doc. #14 at 18). The R&R concludes, as did the ALJ, that plaintiff's wife is not a disinterested third party, and her statement as to the severity of plaintiff's limitations is inconsistent with the objective evidence. (*Id.* at 18–19). In reaching this conclusion, the R&R cites SSR 06-03p, which directs the ALJ when assessing evidence from non-medical sources "to consider such factors as the nature and extent of the relationship, whether the evidence is consistent with other evidence, and any other factors that tend to support or refute the evidence." 2006 WL 2329939, at *6 (Aug. 9, 2006).

Plaintiff contends that plaintiff's wife filled out SSA Form 3380-BK, the standard form a claimant is directed to provide to people who could provide corroborating information about the claimant's illness, injuries and limiting conditions. Plaintiff is correct. However, the ALJ and R&R rightfully concluded that, insofar as plaintiff's wife's statement suggests that plaintiff is unable to perform light work, it is inconsistent with the objective medical evidence. The objective medical evidence, summarized in the R&R, supports the ALJ's conclusion that plaintiff is limited to light work, and that there are jobs available in the national economy for plaintiff to perform. Therefore, the ALJ placed proper weight on plaintiff's wife's opinion in ultimately denying benefits.

C. Plaintiff's Credibility

Plaintiff also argues that the magistrate judge erred in affirming the ALJ's decision because the ALJ improperly discounted plaintiff's credibility about his subjective pain. The court sees no error in the ALJ's decision.

The record supports plaintiff's testimony that he is limited in what he can do, as well as plaintiff's testimony that some of his limitations are painful. However, the R&R is correct in concluding that, to the extent the ALJ discounted plaintiff's testimony because it is unsupported by the medical evidence, the AlJ did not err. As explained, substantial evidence supports the ALJ's conclusion that plaintiff could perform light work and that light work is available for plaintiff to perform in the national economy. Thus, to the extent plaintiff's testimony suggests that he cannot perform light work, the ALJ correctly discounted the testimony.

## IV. CONCLUSION

For the reasons explained above, the magistrate judge's R&R is ACCEPTED, plaintiff's objections are OVERRULED and his motion for summary judgment is DENIED, defendant's motion for summary judgment is GRANTED, and this case is DISMISSED.

IT IS SO ORDERED.

Dated:  August 11, 2015

                                                  s/George Caram Steeh
                                                  GEORGE CARAM STEEH
                                                  UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
August 11, 2015, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk